IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony Scott Collins, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:11-2392-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on January 25, 2013 recommending that the Commissioner's decision be reversed and remanded. (Dkt. No. 20). The Commissioner has advised the Court that he will not filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 21). The Court adopts the Report and Recommendation of the Magistrate Judge as the order of this Court, reverses decision of the Commissioner, and remands this matter to the Commissioner for further action consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

**Discussion**

The Magistrate Judge identified numerous legal deficiencies in the decision of the ALJ

which she found supported a recommendation that the administrative decision be reversed and remanded. These included a failure to assess and evaluate the claimed severe impairment of Post Traumatic Stress Disorder, an inadequate assessment of the claimant's credibility, and an inappropriate rejection of the treating physician's opinions, at least in part, on the basis of the ALJ's lay observations about the claimant's callouses. (Dkt. No. 20 at 5-12). The Commissioner has advised the Court that he will not file objections to the Magistrate Judge's Report and Recommendation.

The Court has reviewed the Magistrate Judge's Report and Recommendation, the decision of the ALJ and the record in this matter, and finds that the Magistrate Judge has ably and accurately summarized the factual and legal issues in this matter and correctly identified significant legal deficiencies in the decision of the ALJ. Therefore, the Court adopts the Report and Recommendation of the Magistrate Judge as the order of the Court, reverses the decision of the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g), and remands this case to the Commissioner for further action consistent with this order.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

February 7, 2013
Charleston, South Carolina